UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CHERMAINE WASHINGTON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19-cv-03054 |
| v. | ) | |
| | ) | Hon. Martha M. Pacold |
| ROUNDY'S ILLINOIS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chermaine Washington filed an amended complaint against Defendant Roundy's Illinois, LLC, a Foreign Limited Liability Company d/b/a Mariano's ("Roundy's Illinois"), alleging that she slipped and fell at a Mariano's grocery store owned and operated by Roundy's Illinois. (R. 19.) Roundy's Illinois moves to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (R. 22.) For the reasons below, the court denies the motion.

## BACKGROUND

### I.  Legal Standards

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). In considering a Rule 12(b)(6) motion, "[t]he complaint's well-pleaded factual allegations, though not its legal conclusions, are assumed to be true." *Phillips v. Prudential Ins. Co. of Am.*,

714 F.3d 1017, 1019 (7th Cir. 2013).  The court considers "the complaint itself, . . . documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," as well as "additional facts set forth in [plaintiff's] . . . brief . . . , so long as those facts are consistent with the pleadings." *Id.* at 1019–20 (citations and internal quotation marks omitted).  "The facts are set forth as favorably to [plaintiff] as those materials allow. . . .  In setting forth those facts at the pleading stage, the court does not vouch for their accuracy." *McWilliams v. Cook Cty.*, No. 15-cv-00053, 2018 WL 3970145, at *1 (N.D. Ill. Aug. 20, 2018) (citations omitted).

## II. Factual and Procedural Background

The amended complaint alleges that: Washington entered a Mariano's grocery store on or about May 2, 2017, to purchase groceries.  (Am. Compl., R. 19, ¶ 2.)[1]  Defendant Roundy's Illinois possessed, operated, owned, leased, maintained, and controlled the property.  (*Id.* ¶ 1.)  While shopping in the produce section, Washington slipped and fell due to a foreign substance left on the floor, causing severe and permanent injuries.  (*Id.* ¶ 4.)

Washington originally filed suit in the Circuit Court of Will County on April 18, 2019, naming The Kroger Co., a Foreign Corporation d/b/a Mariano's ("The Kroger Co."), as the sole defendant.  (R. 1 at 7.)[2]

---

[1] Docket entries are cited as "R. [docket number]."
[2] Page number citations refer to the ECF page number.

Washington served the original complaint on The Kroger Co. through its registered agent in Illinois, Illinois Corporation Service C, on April 23, 2019. (R. 24-2 at 1-2.)[3]

The parties do not dispute that on or about May 2, 2019, the statute of limitations expired. *See* 735 ILCS 5/13-202 (setting forth 2-year statute of limitations for actions for "damages for an injury to the person," among other actions).

On May 6, 2019, The Kroger Co. removed the case to federal court on the basis of diversity jurisdiction. (R. 1 at 1-3.) Shortly thereafter, The Kroger Co. moved to dismiss for failure to state a claim, arguing that it was the incorrect defendant and that Roundy's Illinois, not The Kroger Co., owned and operated the Mariano's store. (R. 7 at 3 (May 10, 2019 motion to dismiss), R. 10 at 3 (May 13, 2019 motion to dismiss), R. 15 at 3 (May 21, 2019 motion to dismiss).) The Kroger Co. attached to its motion the affidavit of a paralegal at The Kroger Co. (R. 7-3.) The affidavit stated, among other things, that The Kroger Co. did not own or operate the Mariano's, and that Roundy's Illinois did. (*Id.* ¶¶ 4-5.)

---

[3] Washington attached to her response brief copies of the summons and the Sangamon County Sheriff's Office certification of service. (R. 24-2 at 1-2.) The court takes judicial notice of them. "Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017); *see also McAllister v. Freixenet USA, Inc.*, No. 17-cv-00557, 2018 WL 2220293, at *2 n.4 (N.D. Ill. May 15, 2018) (citing *Parungao*). Roundy's Illinois has not contested the accuracy of these documents; indeed, Roundy's Illinois attached the same documents to its motion to dismiss (R. 22-2 at 6-7) and noted in the current motion to dismiss, and in previous filings, that The Kroger Co. received service on April 23, 2019 (R. 22 at 1; R. 7 at 1; R. 7-2 at 1-2).

In response, Washington moved for leave to file an amended complaint to add Roundy's Illinois as a defendant. (R. 12 at 4 (May 14, 2019 motion for leave to file amended complaint), R. 17 at 4 (May 21, 2019 motion for leave to file amended complaint).) Washington argued that The Kroger Co. "was identified as the insured party on relevant correspondence with Defendant's insurance provider, Sedgwick,[4] including on a February 27, 2019 settlement offer letter addressed to Plaintiff's counsel" (R. 12 ¶ 2); that "[s]ubsequent to the expiration of the statute of limitations, Plaintiff's counsel has learned that the wrong Defendant was named in this action and that in fact" Roundy's Illinois was "the correct named Defendant" (*id.* ¶ 5); and that an amended complaint naming Roundy's Illinois would relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(C) (*id.* ¶¶ 7–12). Washington argued, among other things, that The Kroger Co. was served on April 23, 2019, through its registered agent, Illinois Corporation Service C, which is also the registered agent for Roundy's Illinois (*id.* ¶ 9); that "up until the point of filing this lawsuit, Plaintiff's counsel had been in continuous communication with Sedgwick, the third-party liability insurance carrier for [Roundy's Illinois], including on April 18, 2019, when Plaintiff's counsel emailed a copy of the Complaint at Law directly to Sedgwick" (*id.* ¶ 10); and that Sedgwick received a copy of the complaint via email on April 18, 2019, the same day it was filed with the Circuit Court of Will County, and therefore knew or should have known that but for a mistake concerning the proper party's identity, [Roundy's

---

[4] "Sedgwick" apparently refers to Sedgwick Claims Management Services, Inc.

Illinois] was the actual intended target of this suit" (*id.* ¶ 11). In support of the motion, Washington attached various documents.

On May 28, 2019, the court granted Washington's motion for leave to amend the complaint, denied The Kroger Co.'s motion to dismiss as moot, and set a briefing schedule for a renewed motion to dismiss. (R. 20 (Kocoras, J.).)

Washington filed an amended complaint, the complaint at issue here, on May 28, 2019, naming Roundy's Illinois as the sole defendant. (R. 19.) The amended complaint is materially identical to the original complaint, except that the amended complaint names Roundy's Illinois instead of The Kroger Co. (*Compare* R. 1 at 7–9 (original complaint) with R. 19 at 1–3 (amended complaint).)

Washington served the amended complaint on Roundy's Illinois through its registered agent in Illinois, Illinois Corporation Service C (which also happened to be the registered agent of The Kroger Co.), on June 13, 2019. (R. 24-4.)[5]

Roundy's Illinois, represented by the same counsel who had represented The Kroger Co., filed the current motion to dismiss on June 21, 2019, arguing that the limitations period expired before Washington filed the amended complaint. (R. 22 at 2–3.) In the current motion, among other things, Roundy's Illinois notes that Sedgwick is a third-party claims administrator "for numerous corporations throughout the State of Illinois," including both The Kroger Co. and Roundy's

---

[5] Washington attached to her response brief a copy of the Sangamon County Sheriff's Office certification of service. (R. 24-4; *see also* R. 21.) The court takes judicial notice of it for the same reasons as in n.3 above. Roundy's Illinois has not contested the accuracy of this document; indeed, Roundy's Illinois notes in the current motion to dismiss that Roundy's Illinois received service on June 13, 2019. (R. 22 at 1, 3; R. 22-1.)

5

Illinois. (*Id*. at 4.) Roundy's Illinois attaches to its motion the affidavit of a Sedgwick claims representative, which states that she was familiar with the case against The Kroger Co. filed in state court, that she never informed Roundy's Illinois of the lawsuit, and that upon information and belief, Roundy's Illinois became aware of the lawsuit when it received service on June 13, 2019. (R. 22-6.)

In response to the motion to dismiss, Washington renews many of the arguments from the motions for leave to file the amended complaint naming Roundy's Illinois. Washington argues that Roundy's Illinois knew or should have known that Washington made a mistake in failing to name Roundy's Illinois in the original complaint. (R. 24 at 5.) Washington argues that: before filing the lawsuit, Washington's counsel had been communicating with the Sedgwick claims representative who manages claims on behalf of both The Kroger Co. and Roundy's Illinois; correspondence from the Sedgwick claims representative, including the Sedgwick claims representative's email signature block and a February 27, 2019, settlement letter, identified The Kroger Co. as Sedgwick's client; and Washington identified The Kroger Co. as the defendant based on this information. (*Id.*) On April 18, 2019 (the same day she filed the original complaint naming The Kroger Co.) and April 29, 2019, Washington's counsel emailed the original complaint to the Sedgwick claims representative. (*Id.* at 6.) Washington's counsel only learned of the issue about the correct defendant when The Kroger Co. filed its first motion to dismiss on May 21, 2019, after the limitations period had expired. (*Id.*) Washington's brief also refers to Roundy's Illinois as a subsidiary of The Kroger Co.

6

(*Id.*) The precise corporate structure or relationship that may exist between the companies was unclear from the briefing on the motion to dismiss.[6]

Washington further contends that it was "unlikely" that Roundy's Illinois was never notified of the lawsuit. (*Id.* at 5-6.) Washington states that on May 10, 2017, Washington's counsel received a letter from Sedgwick acknowledging Washington's counsel's letter of representation of Washington, and that the Sedgwick letter repeatedly identified "K531 Roundy's Illinois (Mariano's)" as Sedgwick's client. (*Id.* at 6.) Washington attaches various documents to her response brief in support of her factual contentions.

## DISCUSSION

### I. Jurisdiction

This court has an independent obligation to ensure that it has subject matter jurisdiction. *Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc.*, 768 F.2d 189, 190 (7th Cir. 1985) ("Federal courts have an independent obligation to confine themselves to the jurisdiction that has been given them by the Constitution and by

---

[6] A recent filing by defendant regarding jurisdiction has clarified that the entities are related. As discussed below, to ensure subject matter jurisdiction, the court directed the parties to file additional information regarding jurisdiction (R. 29, 33); the parties have done so (R. 30, 34). Defendant included in its recent filing the January 8, 2020, affidavit of a paralegal of The Kroger Co., which clarifies the relationship between the two entities. (R. 34-2.) According to the affidavit, The Kroger Co. is an Ohio corporation with its principal offices in Cincinnati, Ohio. (*Id.* ¶ 3.) Roundy's Supermarkets, Inc., "is an indirect wholly-owned subsidiary of The Kroger Co." (*Id.* ¶ 5.) Roundy's Supermarkets, Inc., is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. (*Id.* ¶¶ 6, 8.) Roundy's Illinois, LLC, "is a wholly-owned subsidiary of Roundy's Supermarkets, Inc." (*id.* ¶ 9); "the sole ownership member of Roundy's Illinois" at the relevant times was and is Roundy's Supermarkets, Inc. (*id.* ¶¶ 12-15).

7

Congress . . . ."). The court concludes that it has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

"[T]he party seeking to invoke federal diversity jurisdiction . . . bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal." *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Washington was a citizen of Illinois at the time of removal. (R. 1 ¶ 7.) The sole defendant at the time of removal, The Kroger Co., was an Ohio corporation with its principal offices in Cincinnati, Ohio. (*Id.* ¶ 8.) Thus, there was complete diversity of citizenship at the time of removal. The amount in controversy requirement was also satisfied at the time of removal, based on a review of the notice of removal. (*Id.* ¶¶ 2-6.) *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (amount in controversy requirement satisfied unless it is "legally impossible" for a plaintiff to recover more than $75,000).

The substitution of Roundy's Illinois as the sole defendant after removal, through the filing of the amended complaint, did not destroy diversity. To ensure subject matter jurisdiction, the court directed the parties to file additional information regarding jurisdiction (R. 29, 33); the parties have done so (R. 30, 34). Washington is a citizen of Illinois, as noted above and reconfirmed recently by the parties. (R. 30 ¶ 2.) As to Roundy's Illinois, "[t]he citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). According to the January 8, 2020, affidavit of a paralegal of The Kroger Co., Roundy's Illinois, LLC, "is a wholly-

8

owned subsidiary of Roundy's Supermarkets, Inc." (*id.* ¶ 9); "the sole ownership member of Roundy's Illinois" at the relevant times was and is Roundy's Supermarkets, Inc. (*id.* ¶¶ 12-15). Roundy's Supermarkets, Inc., is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. (*Id.* ¶¶ 6, 8.) The citizenship of Roundy's Illinois, LLC, is the citizenship of its sole member (Roundy's Supermarkets, Inc.), *i.e.*, Wisconsin.

Having confirmed the existence of diversity jurisdiction, the court turns to the motion to dismiss and addresses whether the amended complaint relates back to the original complaint.

## II. Relation Back

Roundy's Illinois argues that Washington failed to timely file suit against it. (R. 22 at 3.) Roundy's Illinois contends that, given that the incident occurred on May 2, 2017, and the Illinois statute of limitations for personal injury actions is two years, Washington was required to file suit against Roundy's Illinois by May 2, 2019. (*Id.*) Roundy's Illinois argues that it did not receive notice of the lawsuit until it was served on June 13, 2019, which was past the limitations period. (*Id.* at 4.)

As discussed in the background section above, the parties do not dispute that the limitations period expired on or about May 2, 2019. Washington filed the original complaint, naming The Kroger Co., in state court on April 18, 2019—within the limitations period. Washington filed the amended complaint, naming Roundy's Illinois, in federal court on May 28, 2019—past the limitations period. Whether

9

Washington's amended complaint is timely thus turns on whether the amended complaint relates back to the date of the original complaint.

The parties appear to disagree on whether 735 ILCS 5/2-616(d) (the Illinois statute on relation back) or Federal Rule of Civil Procedure 15(c)(1)(C) governs the analysis. The Seventh Circuit has not decided whether state or federal law governs the relation back analysis, but has noted that "Illinois's relation-back rule is identical to the federal rule." *Springman v. AIG Mktg., Inc.*, 523 F.3d 685, 688 (7th Cir. 2008). "Given the similarities between the state and federal rules, the court 'need not fret over fine points' differentiating the two." *Williams v. Williamson*, No. 17-cv-01590, 2019 WL 1437900, at *4 (N.D. Ill. Mar. 31, 2019) (quoting *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 751 (7th Cir. 2005)). "Other courts in this district, faced with this issue, have opted to rely on jurisprudence governing the federal rule to determine whether an amendment relates back." *Williams*, 2019 WL 1437900, at *4 (citing cases).[7]

The court need not decide which rule applies. Under either rule, the court would deny the motion to dismiss.

---

[7] In addition, while the parties do not address Rule 15(c)(1)(A) and the court declines to decide the issue without the benefit of briefing, that rule may provide a basis for analyzing the relation back question under § 2-616(d). Rule 15(c)(1)(A) allows relation back when "the law that provides the applicable statute of limitations allows relation back." *See also Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011) (citing Rule 15(c)(1)(A), Committee Note to 1991 Amendment, and *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 236 & n.3 (7th Cir. 1996)). In this case, the law that provides the applicable statute of limitations is Illinois law. Illinois law allows relation back when the requirements of § 2-616(d) are satisfied.

## A. Fed. R. Civ. P. 15(c)(1)(C)

Federal Rule of Civil Procedure 15(c)(1) allows relation back in various circumstances. *See Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 557–58 (7th Cir. 2011). Rule 15(c)(1) provides (for context, quoting the rule in full):

(c) Relation Back of Amendments.

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
>> (A) the law that provides the applicable statute of limitations allows relation back;
>>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(C) requires, first, that Rule 15(c)(1)(B) be satisfied. The court finds that it is. Roundy's Illinois does not contest this point; the only substantive difference between the original complaint and the amended complaint appears to be the naming of Roundy's Illinois as the defendant instead of The Kroger Co.; and both complaints stem from the same May 2, 2017 incident.

Roundy's Illinois does contest the other requirements of Rule 15(c)(1)(C). Roundy's Illinois argues that it did not receive notice of the lawsuit, and did not know and would have had no reason to know that an action would have been brought against it until it was served with the amended complaint on June 13, 2019. (R. 22 at 4-5.) It points to the affidavit of the Sedgwick claims representative, which states that she was familiar with the case against The Kroger Co. filed in state court, that she never informed Roundy's Illinois of the lawsuit, and that upon information and belief, Roundy's Illinois became aware of the lawsuit when it received service on June 13, 2019. (R. 22-6.) Based on the affidavit, Roundy's Illinois argues that it did not learn of the lawsuit until after the statute of limitations expired. (R. 22 at 4-5.)

The affidavit does not justify dismissal under Rule 12(b)(6), for two reasons. First, "[a] motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. . . . If a moving party relies on additional materials, the motion must be converted to one for summary judgment under Rule 56." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citing authorities, including Fed. R. Civ. P. 10(c), 12(d)). The court cannot rely on the affidavit without converting the motion to a summary judgment motion; that would not be appropriate at this preliminary stage.

Second, even if the court were to consider the affidavit, at the most it could lend some support to a potential finding that Roundy's Illinois did not learn of the

lawsuit until after the limitations period expired. Rule 15(c)(1)(C), however, turns not on the expiration of the limitations period, but on the expiration of "the period provided by Rule 4(m) for serving the summons and complaint." Rule 15(c) was amended in 1991 to address this issue. "The effect of the amendment was to overturn the Supreme Court's ruling in *Schiavone v. Fortune*, 477 U.S. 21 (1986), which required the defendant to receive notice within the period of limitations rather than within the time for service of process." *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996); *see also Woods v. Indiana Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 885 (7th Cir. 1993). Under Rule 15(c)(1)(C), the notice and knowledge requirements must have been satisfied by the end of the Rule 4(m) period, not by the expiration of the statute of limitations.

The period provided by Rule 4(m) for serving the summons and complaint is "within 90 days after the complaint is filed," unless a court extends the time for service for good cause. Fed. R. Civ. P. 4(m).[8] Here, the original complaint was filed on April 18, 2019. The 90-day Rule 4(m) period expired on July 17, 2019 at the earliest.[9]

---

[8] "In 2015, Rule 4(m) was amended to reduce the time for service from 120 days to 90 days." *Ryan v. City of Chicago*, No. 15-cv-09762, 2018 WL 3586232, at *2 n.3 (N.D. Ill. July 26, 2018).

[9] There may be an argument that the Rule 4(m) period should run from the date of removal instead of the date of the original complaint. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) (when "suits are removed to federal court from state court," the Rule 4(m) period "commences upon the date of removal"); *Thompson v. Dollar Tree Stores, Inc.*, No. PWG-17-3727, 2019 WL 414881, at *3 (D. Md. Feb. 1, 2019). In that case, the Rule 4(m) period would have expired on August 4, 2019. The parties do not address the application of Rule 4(m). The court need not decide this question. Washington served the amended complaint on Roundy's Illinois on June 13, 2019. Whether the Rule 4(m) period expired on July 17, 2019, or August 4, 2019, service occurred within the Rule 4(m) period.

13

It is undisputed that Roundy's Illinois was served on June 13, 2019, within the Rule 4(m) period. Roundy's Illinois does not appear to argue that, even after it was served, it still lacked the notice or knowledge required by Rule 15(c)(1)(C). In the absence of such an argument, it appears that, once Roundy's Illinois was served, the notice and knowledge requirements of Rule 15(c)(1)(C) were satisfied. Thus, the amended complaint relates back to the date of the original complaint.

### B. 735 ILCS 5/2-616(d)

Both the Seventh Circuit and Illinois courts have recognized the similarities between the federal and Illinois relation back rules. *See Springman*, 523 F.3d at 688 ("Illinois's relation-back rule is identical to the federal rule."); *Walstad v. Klink*, 2018 IL App (1st) 170070, ¶ 19, 105 N.E.3d 1016, 1022 ("The language of section 2-616(d) substantially mirrors that of Rule 15(c) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 15(c)). Thus, we find federal cases interpreting the federal rule persuasive authority regarding the application of section 2-616(d)."); *Moore v. Cuomo*, No. 14-cv-09313, 2018 WL 4095101, at *4 (N.D. Ill. Aug. 28, 2018) ("Illinois' relation-back statute, 735 ILCS 5/2-616(d), mirrors Rule 15(c)(1)(C) and was amended in 2002 to bring the relation-back doctrine in Illinois law into harmony with the federal version of the doctrine, as expressed in Rule 15(c).") (citation, internal quotation marks, and footnote omitted). 735 ILCS 5/2-616(d) provides:

> A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time

14

> prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended.

Washington has demonstrated, and Roundy's Illinois does not dispute, that requirements (1) and (3) are met. (R. 24 at 4-7.) As to requirement (1), Washington filed the original lawsuit in the Circuit Court of Will County on April 18, 2019, within the two-year statute of limitations period. (*Id.* at 5.) With regard to requirement (3), the original complaint and the amended complaint both concern the same slip and fall incident that occurred at Mariano's on or about May 2, 2017. (*Id.*)

As for requirement (2), the Illinois statute requires that Roundy's Illinois, "within the time that the action might have been brought or the right asserted against [Roundy's Illinois] plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that [Roundy's Illinois] will not be prejudiced in maintaining a defense on the merits and knew or

15

should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [Roundy's Illinois]." § 2-616(d). Put another way: "Along with requiring a 'mistake,' section 2-616(d) also requires that the newly-added defendant receive notice of the lawsuit within the limitations period *and the time for service of process*, and that this notice is such that the newly-added defendant 'will not be prejudiced in maintaining a defense on the merits' once he or she is sued." *Zlatev v. Millette*, 2015 IL App (1st) 143173, ¶ 33, 43 N.E.3d 153, 159 (quoting § 2-616(d)) (emphasis added).

"Supreme Court Rule 103(b) 'does not state a specific time limitation within which a defendant must be served,' instead requiring the plaintiff to show 'reasonable diligence in service of process.'" *Fonza v. Will Cty. Jail*, No. 16-cv-10396, 2018 WL 264197, at *3 (N.D. Ill. Jan. 2, 2018) (quoting *Segal v. Sacco*, 555 N.E.2d 719, 720 (Ill. 1990)). "The Court has 'wide discretion' in determining whether the plaintiff acted with reasonable diligence." *Fonza*, 2018 WL 264197, at *3 (quoting *Segal*, 555 N.E.2d at 720); *see also Moore*, 2018 WL 4095101, at *4.

Here, as discussed above, Washington filed the original complaint on April 18, 2019, and served it on The Kroger Co. on April 23, 2019. The limitations period expired on or about May 2, 2019. After removing the case to federal court, The Kroger Co. moved to dismiss on May 10, 2019 (and other subsequent dates), arguing that it was the incorrect defendant and that Roundy's Illinois, not The Kroger Co., owned and operated the Mariano's store. In response, Washington promptly, on May 14 and 21, 2019, moved for leave to file an amended complaint to add Roundy's

16

Illinois as a defendant. On May 28, 2019, the court granted Washington's motion for leave to amend the complaint. That same day, May 28, 2019, Washington filed the amended complaint naming Roundy's Illinois. Washington served the amended complaint on Roundy's Illinois within slightly more than two weeks, on June 13, 2019. (R. 24-4.) This was about six weeks after the limitations period ran, and less than two months after the original complaint was filed. The court finds that Washington acted with reasonable diligence. *See Fonza*, 2018 WL 264197, at *3; *compare Polites v. U.S. Bank Nat. Ass'n*, 361 Ill. App. 3d 76, 85, 836 N.E.2d 133, 141 (2005) (in case involving § 2-616(d), service of process more than nine months after the limitations period lapsed was not reasonable diligence). Thus, Roundy's Illinois received service within the time permitted under Rule 103(b). Roundy's Illinois does not appear to argue that, even after it was served, it lacked the required notice or knowledge. In the absence of such an argument, it appears that, once Roundy's Illinois was served, all the requirements of § 2-616(d) were satisfied, supporting relation back.

## CONCLUSION

The motion to dismiss [22] is denied.

ENTERED:

Date: January 23, 2020                          /s/ Martha M. Pacold